Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND Q, INC., a California corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| THE MATCHING TIE GUY, LLC, individually and d/b/a "Thematchingtieguy.com;" and, DOES 1-10, | |
| Defendants. | |

Plaintiff, Brand Q, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.* and the Lanham Act, Title 15 U.S.C. §§ 1114 and 1125.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, and/or have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because Defendants conduct business within the district and a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff BRAND Q, INC. ("Plaintiff" or "Brand Q") is a California corporation with its principal place of business located at 712 E Washington Blvd, Los Angeles, California 90021.

6. Upon information and belief, Defendant THE MATCHING TIE GUY, LLC ("TMTG"), individually and doing business as "Thematchingtieguy.com," is an Arizona limited liability company with its principal place of business located at 916 E. Baseline Road, Suite 134, Mesa, Arizona 85204, and is doing business in and with the State of California, including this judicial District.

7. Upon information and belief, TMTG is the owner, operator, and/or controller of the online storefront at https://thematchingtieguy.com/ ("TMTG Store").

8. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## NATURE OF THE SUIT

10. This case the concerns the copyright infringement of Brand Q's original two-dimensional artwork, Brand Q Design #20. Defendants infringed Brand Q's Design # 20 by copying, reproducing, and distributing products bearing reproductions of said artwork without Brand Q's knowledge, permission, or authorization.

## FACTUAL BACKGROUND

### Brand Q's Copyright

11. Brand Q is a well-established manufacturer and wholesaler of men's formalwear products, including ties, jackets, vests, belts, shoes, suspenders, pocket squares, and bowties.

12. Brand Q owns an original two-dimensional paisley print entitled Brand Q Design #20 (the "Subject Design"), which has been a staple of Brand Q's product line. The Subject Design has been registered with the United States Copyright Office under Registration No. VA 2-218-590, a true and correct copy of which is attached hereto as **Exhibit A.**

13. Brand Q has enjoyed substantial success in the wholesale market offering products bearing the Subject Design and owned exclusively by Brand Q.

14. Prior to the acts complained of herein, Brand Q marketed and sold garments bearing the Subject Design through its authorized third-party distributors.

15. On information and belief, Defendant TMTG, is an online retailer of

men's neckties, shirts, vests, bowties, and accessories, who operates the website https://thematchingtieguy.com/.

16. In March of 2023, Brand Q discovered that TMTG and DOE Defendants have been manufacturing and/or distributing products bearing unauthorized reproductions of the Subject Design (the "Offending Products") sold on their TMTG Store.

17. Brand Q has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

18. A representative image of the Subject Design and an exemplar of an Offending Product are set forth below:

**Subject Design**



**Offending Product Detail**



**Offending Product**



19. Brand Q did not manufacture or distribute the Offending Products. Indeed, the Offending Products are of plainly inferior quality and include colors that Brand Q does not manufacture or distribute.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21. Defendants and each of them, accessed the Subject Design by without limitation, purchasing product bearing the Subject Design directly from Brand Q.

22. Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributing same to the public.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded her attorneys' fees as available under 17 U.S.C. § 101 et seq.;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded its costs of this action;

6. That Plaintiff be awarded further legal and equitable relief as deemed proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 2, 2023            By:   */s/ Stephen M. Doniger*
                                        Stephen M. Doniger, Esq.
                                        Scott A. Burroughs, Esq.
                                        Kelsey M. Schultz, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff